UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                          Plaintiff,

    -v-

AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,

                          Defendant.

21 Civ. 7377

---

**STIPULATION AND [PROPOSED] ORDER OF SETTLEMENT AND DISMISSAL**

WHEREAS, Plaintiff the United States of America (the "United States" or "Government") filed a complaint in the above-captioned matter on September 2, 2021 ("Complaint"), seeking the entry of judgment against defendant the American Society of Composers, Authors and Publishers ("ASCAP");

WHEREAS, the Complaint alleges that ASCAP failed, in violation of 26 U.S.C. § 6332, to surrender property or rights to property subject to Internal Revenue Service ("IRS") levies served on January 28, 2010; May 9, 2013; March 14, 2014; June 17, 2014; and September 26, 2014 (together, the "Levies"), to collect the federal personal income tax liabilities of ASCAP member Carvin Haggins ("Haggins") for tax years 2005-2009, 2011, and 2012 (the "Covered Conduct");

WHEREAS, ASCAP disputes certain of the Government's allegations; and

WHEREAS the United States and ASCAP (together, the "Parties") desire to resolve all claims in this action, and to obtain an order from this Court encompassing the terms of said settlement;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties through their respective counsel, as follows:

1.      This action is dismissed without costs, expenses, or attorney's fees as against the United States or ASCAP. This dismissal is without prejudice to the United States' ability to reinstate this action or commence a new action, in accordance with Paragraph 7 below, in the event of a breach of the provisions of this agreement.

2.      Following execution by the Parties and entry by the Court of this Stipulation and Order of Settlement and Dismissal (the "Stipulation"), ASCAP shall pay to the United States within fourteen (14) business days of the entry of the Stipulation the sum of seventy-five thousand dollars ($75,000) (the "Upfront Payment") in accordance with instructions to be provided by the United States Attorney's Office for the Southern District of New York. Upon receipt, the Upfront Payment shall be credited against the Levies, in partial satisfaction thereof.

3.      From the date of the entry of this Stipulation forward, ASCAP shall pay to the IRS, in accordance with instructions to be provided by the IRS, any royalties earned by Haggins on works that were in existence and registered with ASCAP as of September 26, 2014, the date of the IRS's final Notice of Levy served on ASCAP (the "Future Payments"), such payments to be made from ASCAP's regular distributions of royalties to its members beginning with the October 2021 ASCAP domestic writers' distribution. ASCAP shall make such payments to the IRS until the unpaid tax liabilities of Haggins, including statutory accruals and interest, for which the Levies were issued have been satisfied. At ASCAP's request, the IRS will inform ASCAP of the outstanding balance for the tax years subject to the Levies. The IRS shall promptly notify ASCAP in the event that the Levies are fully satisfied.

4. Conditioned on ASCAP's full compliance with the terms of this Stipulation, including full payment of the Upfront Payment and Future Payments to the United States pursuant to Paragraphs 2 and 3 above, the United States releases ASCAP, including its subsidiaries and corporate predecessors, successors and assigns, directors, officers, employees, members, servants and agents from any claim for relief pursuant to 26 U.S.C. § 6332 that the United States has for the Covered Conduct.

5. Notwithstanding the releases given in Paragraph 4 above, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released by this Stipulation:

    A. any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

    B. any liability based upon obligations created by this Stipulation.

6. ASCAP fully and finally releases the United States, its agencies, officers, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that ASCAP has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, employees, servants, or agents related to the Covered Conduct or the United States' investigation, prosecution, and settlement thereof.

7. ASCAP shall be in default of this Stipulation if it fails to make the required payment set forth in Paragraph 2 above on or before the due date for such payment, or fails to make any of the required payments set forth in Paragraph 3 above on or before ten (10) calendar days after the date on which ASCAP makes each royalty distribution as set forth in Paragraph 3 above (a "Due Date"), or if ASCAP fails to comply with any other term of this Stipulation ("Default"). If a Default occurs because ASCAP has failed to make a required payment set forth

in Paragraph 3 above on or before the Due Date for such payment (a "Payment Default Event"), the United States may provide a written Notice of Default to ASCAP in the manner set forth in Paragraph 15 below. ASCAP shall then have an opportunity to cure the Payment Default Event within seven (7) calendar days from the date of receipt of the Notice of Default by making the payment due. If ASCAP fails to cure the Payment Default Event within seven (7) calendar days of receiving the Notice of Default (an "Uncured Payment Default Event"), interest on the remaining unpaid balance shall thereafter accrue at the post-judgment interest rate provided in 28 U.S.C. § 1961 on the remaining unpaid total (principal and interest balance). In the event of an Uncured Default, ASCAP shall agree to the entry of a consent judgment against it in favor of the United States in the amount of the deficiency. In the event of an Uncured Payment Default Event, ASCAP also agrees that the United States, at its sole discretion, may (i) retain any payments previously made, rescind this Stipulation, and reinstate the claims asserted against ASCAP in the Complaint, or bring any civil and/or administrative claim, action, or proceeding against ASCAP for the claims that would otherwise be covered by the releases provided in Paragraph 5 above, with any recovery reduced by the amount of any payments previously made by ASCAP to the United States under this Stipulation; (ii) take any action to enforce this Stipulation in a new action or by reinstating the Complaint; and/or (iii) exercise any other right granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. The United States shall be entitled to any other rights granted by law or in equity by reason of the Payment Default Event, including referral of this matter for private collection. In the event the United States pursues a collection action, ASCAP agrees immediately to pay the United States the greater of (i) a ten percent (10%) surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses

incurred in such an action. In the event that the United States opts to rescind this Stipulation pursuant to this paragraph, ASCAP agrees not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories. ASCAP agrees not to contest any offset, recoupment, and/or collection action undertaken by the United States pursuant to this paragraph, either administratively or in any state or federal court, except on the grounds of actual payment to the United States.

8. Any failure by the United States to insist upon the full or material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States, notwithstanding that failure, shall have the right thereafter to insist upon the full or material performance of any and all of the provisions of this Stipulation.

9. The Court shall retain jurisdiction over all matters concerning the Stipulation.

10. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing the Stipulation.

11. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

12. The Stipulation shall be binding upon and inure to the benefit of the United States and ASCAP and their respective successors and assigns.

13. If not approved and entered by the Court, this Stipulation shall be null and void, with no force or effect.

14. This Stipulation constitutes the complete agreement between the Parties with respect to the subject matter hereof. This Stipulation may not be amended except by written consent of the Parties.

15. Any notice provided to ASCAP pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

> Jackson Wagener, Esq.
> Senior Vice President, Business and Legal Affairs
> American Society of Composers, Authors and Publishers
> 250 West 57th Street
> New York, New York 10107
> Email: jwagener@ascap.com

16. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. E-mails that attach signatures in "PDF" form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York
    September 2, 2021

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: *[signature]*
RACHAEL DOUD
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Email: rachael.doud@usdoj.gov

*Counsel for the Government*

Dated: New York, New York
    September 1, 2021

By: *[signature]*
JACKSON WAGENER, ESQ.
American Society of Composers, Authors
and Publishers
250 West 57th Street
New York, New York 10107
Tel.: (212)-621-6018
Email: jwagener@ascap.com

*Counsel for ASCAP*

SO ORDERED:

Dated: New York, New York
    _____, 2021

_____
United States District Judge